UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN EVANS,

                Plaintiff,

                              **Hon. Hugh B. Scott**

                              12CV570(HBS)

            v.

                              CONSENT

                              **Order**

CANFIELD, et al.,

                Defendants.

Before the Court is plaintiff's motion to reconsider (Docket No. 79) the denial of his motion for summary judgment (Docket No. 64) and the grant of defendants' motion (Docket No. 62) for summary judgment (Docket No. 72). The parties consented to proceed before the undersigned (Docket No. 50). Plaintiff's latest motion was filed almost two years after entry of judgment (Docket No. 73, dated June 3, 2014) and dismissal of his appeal (Docket No. 78, Mandate of the Second Circuit, Dec. 3, 2014).

Plaintiff now argues that his motion for summary judgment (Docket No. 64) and its supporting papers (Docket Nos. 65-68) were not considered (Docket No. 79, Pl. Decl.) and that defendants' responding papers (Docket Nos. 70, 71) and the Order he seeks reconsidered (Docket No. 72) somehow support his position (Docket No. 79, Pl. Decl. ¶ 4). He contends that there is some unspecified issue of material fact that should have precluded summary judgment (id. ¶¶ 2, 4), although plaintiff himself moved for summary judgment and argued that no issues of material fact existed. Plaintiff also cites to a docket entry on May 12, 2016, at 9:55 am (id.),

but the docket in this case does not have an entry on that date and time; plaintiff has pending another case, Evans v. Griffin, et al., Case No. 13CV805(A), which may have the entry he is referring to, Evans v. Griffin, supra, Docket No. 70, Text Order of May 13, 2016, extending time for briefing in that case. Perhaps the cases were confused.

Plaintiff, however, does not specify which portions of docketed items for the summary judgment motions were not considered or need to be reconsidered. Nevertheless, this Court did consider plaintiff's papers (Docket No. 72, Order at 1 nn.1, 2) as well as defense papers (see id. at n.1) in deciding the original summary judgment motions. Even if all papers now were reconsidered, plaintiff still would be denied relief. In his motion, plaintiff merely asserted a medical malpractice claim—that defendants failed to treat adequately his back injuries—and such a tort claim does not rise to an Eighth Amendment deliberate indifference claim, Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (a showing of medical malpractice alone is insufficient for an Eighth Amendment claim) (Docket No. 62, Defs. Memo. at 5); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.) (Larimer, J.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992) (Docket No. 72, Order at 11). On this ground alone reconsideration (Docket No. 79) is **denied**.

Plaintiff also contends that defense counsel had a conflict of interest in not replying to his motion (Docket No. 79, Pl. Decl. ¶ 4). Defendants, however, did reply (Docket Nos. 70, 71) although these documents were called "Responses" to plaintiff's motion, the documents plaintiff now argues should be reconsidered.

Plaintiff invokes Rule 37 (Docket No. 79, Pl. Decl. ¶ 4), but that involves motions to compel discovery and sanctions for failure to disclose. That was not applicable for motions for

summary judgment. Plaintiff did not contend in his response to defense motion for summary judgment that he could not respond due to needing additional discovery, cf. Fed. R. Civ. P. 56(d); in fact, plaintiff's response was his own motion for summary judgment (again, implying that all discovery that was necessary was completed).

As was found for the initial Order (Docket No. 72, Order at 13), this Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person again is **denied**, Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 79) to reconsider denial of summary judgment to him and the grant of summary judgment to defendants is **denied**. This case remains **closed**.

A copy of this Order will be sent by Chambers of the undersigned to plaintiff at Green Haven Correctional Facility.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 15, 2016